## Brock v. Commonwealth, Department of Transportation

*Scales & Shaw,* for plaintiffs.
*H. Reginald Belden, Jr.,* for Commonwealth.

KEIM, J., December 1, 1971.—This case comes before the court en banc for consideration of a petition for severance filed by plaintiffs. On August 23, 1968, a declaration of taking was filed by the Commonwealth of Pennsylvania, Department of Transportation, which said declaration affected all three contiguous tracts of land owned by the condemnees, William E. Brock and Darlene Brock, his wife. The condemnation included the tract of land described in Deed Book, Volume 1776, page 184, in the Recorder's Office of Westmoreland County, Pa., which tract is set forth as exhibit "B" in the petition. It is the contention of plaintiffs that this tract of land was inadvertently included in the declaration of taking. Plaintiffs further contend that the tract was owned in fee by plaintiffs, but had been leased by them on September 15, 1960, to the Kiski Valley Investment and Development Corporation for a leasehold period of 40 years.

All improvements to the leased tract of land, including preparation of lands and buildings, and a complete shopping center, were constructed by the lessee and said lessee had the principal interest in any damages which resulted from the said condemnation.

The question before the court for consideration is whether, under the above circumstances, the tract of land set forth as exhibit "B" should be severed from the original declaration of taking filed by the condemnors. Defendant contends that plaintiffs had the

right under section 406 of the Eminent Domain Code of Pennsylvania to file preliminary objections to the declaration of taking within 30 days after having been served with notice of same; and, further, plaintiffs had the right under section 504 of the Eminent Domain Code to file preliminary objections to the appointment of viewers within 20 days after notification of the said appointment. Defendant further contends that these two procedures under sections 406 and 504 are the sole methods by which plaintiffs may attack the inclusion of the tract of land set forth in exhibit "B" in the original declaration of taking.

Section 406 of the Eminent Domain Code states, in pertinent part, as follows:

"Preliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the Declaration of Taking. Failure to raise these matters by preliminary objections shall constitute a waiver thereof."

Nowhere in section 406 is it stated the proposition that preliminary objections to the declaration of taking should be an exclusive method of challenging the nature and extent or the propriety of the property included in the declaration of taking. We, therefore, see no merit in the first contention of defendants.

An examination of section 504 of the Eminent Domain Code shows that preliminary objections to the appointment of the viewers are to be in the nature of objections to the form of the petition for appointment or the qualification of the viewers. As this court reads section 504, it does not contain any authority for de-

fendants' contention that objections to the description of property included in the declaration of taking should be attacked by preliminary objections to the appointment of viewers.

An examination of section 502 of the Eminent Domain Code shows that 502(g) reads as follows:

"(g) The Court, in furtherance of convenience or to avoid prejudice, may on its own motion or on motion of any party, order separate viewers' proceedings or trial when more than one property has been included in the petition."

It is true, as contended by defendant, that fee simple title in all the tracts of land in question was, at the time of the taking, in plaintiffs. However, at the time of taking, although there was unity of title, there was no unity of use in that the tract which is the subject matter of the petition for severance was leased to the Kiski Valley Investment and Development Corporation. The assignment of damages executed by Kiski Valley Investment and Development Corporation to the plaintiffs is immaterial to the issues before this court, because the entire philosophy and purpose of the Eminent Domain Code is the determination of damages as they existed at the time of the condemnation.

The court will, therefore, enter the within order

## ORDER

And now, December 1, 1971, after due and careful consideration, it is hereby ordered, adjudged and decreed that tract three, as set forth and described in exhibit "B" of plaintiffs' petition for severance, be the subject of separate and distinct proceedings for the determination of damages before a board of view.